**SO ORDERED.**

**SIGNED this 18 day of February, 2014.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

SAMUEL GATLIN, III,                           CHAPTER 13
                                              CASE NO. 14-00242-5-RDD
    DEBTOR.

## ORDER

Pending before the Court is the debtor's motion[1] pursuant to 11 U.S.C. § 362(c)(4)(B) for a reimposition of the automatic stay as to all creditors filed on January 16, 2014, and the objection to the motion to reimpose the stay filed by Vanderbilt Mortgage and Finance, Inc., ("Vanderbilt") on January 21, 2014. The Court conducted a hearing on February 6, 2014, in New Bern, North Carolina to consider this matter.

Samuel Gatlin, III, (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 13, 2014. Two prior cases of the Debtor were pending within the preceding one-year period. A prior case of the Debtor, docketed as case no. 12-01094-8-RDD, was pending within the

---

[1] The current motion was filed as a motion for continuance of the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B). At the hearing, counsel for the debtor acknowledged that based on the facts, the motion should have been filed as a motion for imposition of the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(B). Accordingly, the Court treats the current motion as a motion to impose the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(B).

preceding one-year period but was dismissed on May 7, 2013. A second prior case of the Debtor, docketed as case no. 13-04175-8-RDD, was pending within the preceding one-year period but was dismissed on November 5, 2013. Therefore, no automatic stay went into effect upon the filing of the most recent petition. 11 U.S.C. § 362(c)(4)(A)(i). Although not falling within the preceding one-year period, the Debtor has filed an additional three cases, docketed as case numbers: 94-01104-8-JRL, 95-01207-8-JRL, 01-09547-8-JRL. The Debtor's current filing is subject to the presumption that it was not filed in good faith as provided in 11 U.S.C. § 362(c)(4)(D). However, the Debtor can rebut the presumption that the case was not filed in good faith by clear and convincing evidence to the contrary.

On his Schedule A, the Debtor lists as his residence real property described as 3114 HWY 55 West, New Bern, North Carolina, 28562 (the "Real Property") with a value of $91,070.00. Vanderbilt filed Proof of Claim No. 1 ("POC 1") secured by the Real Property in the amount of $124,807.36. Vanderbilt holds a Note and Deed of Trust on the Real Property, which was executed on August 22, 2007. Attached to POC 1 is a Declaration of Intent to Affix the Manufactured Home to Real Property, whereby a manufactured home, described as a CMH 2007 Norris, was affixed to the Real Property. As of the petition date, the Debtor was thirty-five (35) months behind as to his payments to Vanderbilt. The amount necessary to cure the default was $37,305.05.

At the hearing, the Debtor testified that he is self-employed as a truck driver with Gatlin Trucking. According to Schedule I, the Debtor's combined monthly income is $3,691.75. According to Schedule J, the Debtor's average monthly expenses total $1,987.00, leaving a monthly net income of $1,704.75. The proposed Chapter 13 plan provides for payments of $1,700.00 per month for sixty (60) months.

The Debtor testified that during his two previous Chapter 13 bankruptcy petitions it was difficult to maintain his plan payments because his wife of thirty-five years was arrested on July 16, 2013, in Craven County, North Carolina. As a result, he incurred the costs of legal fees. The Debtor explained that his wife has been experiencing mental health problems, which he believes stem from a diabetic coma. Prior to her arrest on July 16, 2013, his wife had never had any legal problems. The Debtor testified that his wife stole checks and funds from the Debtor and he had no choice but to bring criminal charges against his spouse. He testified that his wife wrote approximately thirty (30) checks with insufficient funds. The Debtor's spouse is currently in Craven County Jail awaiting trial. The Debtor testified that his income is now stable and he has the ability to make his Chapter 13 plan payments.

At the hearing, counsel for Vanderbilt admitted into evidence a Report of Foreclosure Sale showing that a foreclosure sale took place as to the Real Property on January 3, 2014, at 10:00 a.m. The Report of Sale shows that Vanderbilt was the highest bidder with a bid of $59,500.00. No upset bids were received. The current bankruptcy petition was filed by the Debtor on January 13, 2014 at 4:47 p.m.

Pursuant to North Carolina General Statute § 45-21.27, once the trustee conducts the sale of the foreclosed real property, and the ten day upset bid period expires "the rights of the parties to the sale . . . become fixed." N.C. Gen. Stat. § 45-21.27. Pursuant to North Carolina law, a sale of real property cannot be set aside after the ten day upset bid period has expired. *See In re Hawkins*, No. 11-02379-8-JRL (Bankr. E.D.N.C. Jun. 9, 2011); *In re Barham*, 193 B.R. 229, 232 (Bankr. E.D.N.C. 1996); *In re Smith*, 24 B.R. 19 (Bankr. W.D.N.C. 1982); *Goad v. Chase Home Fin., LLC.*, 704 S.E.2d 1 (N.C. App. 2010).

3

In most cases, the automatic stay will prevent a creditor from conducting a foreclosure sale. 11 U.S.C. § 362. Here, because this is the Debtor's third bankruptcy filing within the prior one year period, no automatic stay went into effect upon the filing of the most recent petition. 11 U.S.C. § 362(c)(4)(A)(i). Because the automatic stay never went into place upon the filing of the current bankruptcy petition, the foreclosure sale was completed upon the expiration of the ten day statutory upset bid period. As such, the sale of the Real Property became fixed and cannot be set aside.

As to all other creditors, with the exception of Vanderbilt, the automatic stay may only be imposed if the Debtor can rebut the presumption that the case was not filed in good faith by clear and convincing evidence. The Court finds that the Debtor has met this burden. The Court finds pursuant to 11 U.S.C. § 362(c)(4)(B), the automatic stay contained in 11 U.S.C. § 362(a) shall be reimposed as to all creditors, with the exception of Vanderbilt.

**SO ORDERED**.

**END OF DOCUMENT**